**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
CHELSEA J. CRAWFORD
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
MDD_CJCChambers@mdd.uscourts.gov
(410) 962-4560

November 23, 2026

**MEMORANDUM TO PARTIES RE:** *Lacks v. Ultragenyx Pharmaceutical, Inc.*,
Civil Action No. DLB-23-2171

Dear Counsel:

This matter was referred to me by the Honorable Deborah L. Boardman for the resolution of all discovery disputes and related scheduling matters. ECF No. 107. Now pending is a discovery dispute between Plaintiff Ron L. Lacks, personal representative of the Estate of Henrietta Lacks ("Plaintiff"), and Defendant Ultragenyx Pharmaceutical, Inc. ("Defendant") concerning the temporal scope of a document request that Plaintiff served on Defendant.

In Request for Production No. 2, Plaintiff seeks:

> All Documents and Communications related to [Defendant's] contact with and activities in Maryland, including but not limited to, any marketing, advertising, or promotional strategies or activities; any Maryland-related sales, income, or expenses; relationships with Maryland-based Contract Research Organizations, Contract Manufacturing Organizations, or any third-party vendors; or Call Logs or others records for [Defendant's] sales and patient care representatives serving Maryland doctors or other Persons with responsibilities for Maryland business-to-business relationships.[1]

Plaintiff seeks documents from January 1, 2017, through the present day—a period spanning roughly 10 years. ECF No. 106 at 1. Defendant asks the Court to limit the relevant time period to a single year: 2023.[2] The parties have followed Judge Boardman's discovery dispute protocol by jointly filing a letter advising the Court of their dispute, *see* ECF No. 104, and submitting statements in support of their respective positions, *see* ECF Nos. 105, 106. No hearing is necessary to resolve this dispute. Loc. R. 105.6. For the reasons explained below, Request for Production No. 2 is time-limited to responsive records from January 1, 2017 through December 31, 2023.

[1] With the exception of the text in brackets, RFP No. 2 was copied directly from Plaintiff's position statement. *See* ECF No. 106 at 1 n.1.

[2] Before the parties reached an impasse on this dispute, Defendant offered to produce records from 2020 to 2023. ECF No. 105 at 1.

## DISCUSSION

Plaintiff's Request for Production No. 2 relates to a key legal issue in this case—whether Defendant may challenge Plaintiff's unjust enrichment claim on the ground that the claim is barred by the applicable statute of limitations. Under Maryland law, however, a foreign corporation required to register to do business in the State may not benefit from a statute of limitations defense in a lawsuit filed while the corporation is engaged in intrastate business and unregistered. The relevant statute, Section 5-204, provides in part

> A foreign corporation . . . required by law to qualify or register to do business in the State . . . may not benefit from any statute of limitations in an action at law or suit in equity . . . (2) [i]nstituted while the foreign corporation . . . is doing intrastate or interstate or foreign business in the State without having qualified or registered.

Md. Code Ann., Cts. & Jud. Proc. § 5-204. Defendant is a foreign corporation and its statute of limitations defense thus turns on whether it was engaged in intrastate business on August 10, 2023, the date Plaintiff filed this lawsuit, without having registered to do so. The parties agree that Plaintiff bears the burden of proof on this issue. ECF Nos. 105 at 2, 106 at 1; *see also Willow Grove Citizens Ass'n v. Cnty. Council of Prince George's Cnty.*, 235 Md. App. 162, 172 (2017).

To determine whether a foreign corporation is "doing business" in the State, courts will look to whether the corporation "transacts some substantial part of its ordinary business therein." *Willow Grove Citizens Ass'n.*, 235 Md. App. at 172 (quoting *Tiller Constr. Corp. v. Nadler*, 334 Md. 1, 10 (1994) (internal quotation marks omitted)). This analysis is guided by "the facts of each individual case" and "rests not a single factor, but rather on the nature and extent of the business and activities which occur in the forum state." *Tiller Constr. Corp.*, 334 Md. at 16. An "isolated action[]" by the corporation is "generally insufficient to constitute 'doing business.'" *Willow Grove Citizens Ass'n.*, 235 Md. App. at 173 (internal citation omitted).

Defendant contends that it need only produce records reflecting contacts as they existed in 2023 because Section 5-204's inquiry is limited to the time the lawsuit was filed. ECF No. 105 at 2. Plaintiff counters that a one-year snapshot cannot establish the true nature and extent of the Defendant's business and activities in the State, and that, therefore, records pre- and post-dating the filing of the lawsuit are appropriate. ECF No. 106. Defendant's one-year focal point may be the appropriate temporal scope for determining whether Section 5-204 precludes it from benefitting from a statute of limitations defense, but it does not dictate what information is discoverable in Plaintiff's effort to meet his evidentiary burden. The principles of discovery counsel in favor of limiting the Request to a time period between 2017 and 2023.

Permitting Plaintiff to obtain records before, but not after, 2023 strikes the appropriate balance of relevance and proportionality under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Rule 26(b)(1) governs the scope of discovery and provides in relevant part that parties may obtain discovery on any nonprivileged matter that is both relevant to any party's claim or defense *and* proportional to the needs of the case. Fed. R. Civ. P. 26(b)(1) (emphasis added). The bar for relevance is low, and evidence need not be admissible to be discoverable. *See Va. Dep't of Corr. v. Jordan*, 921 F.3d 180, 188 (4th Cir. 2019); Fed. R. Civ. P. 26(b)(1).

Proportionality is guided by the following factors: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1).

Records predating the filing of Plaintiff's lawsuit will provide context for Defendant's later business activities and relationships in 2023. Such discovery bears on whether Defendant's 2023 activities were "part of its ordinary business" or an isolated occurrence. *Tiller Constr. Corp.*, 334 at 10. Defendant itself acknowledges that certain pre-2023 activity is discoverable, as it has agreed to produce contracts (including licenses, master services agreements, statements of work, or clinical trial agreements) into which it entered before 2023 and which remained active through 2023. For all other categories of records, however, even those that may relate to a pre-2023 contract, Defendant contends that only 2023 records are within the scope. This hybrid approach of producing pre-2023 records for only one type of business activity is arbitrary and likely to frustrate, not further discovery. As Plaintiff aptly illustrates, Defendant's position would require it to produce a 2017 contract that was still in place in 2023, but Defendant would not need to produce any related materials showing what work Defendant actually performed under the contract. I decline to draw the line where Defendant proposes.

However, fixing 2023 as the end-date for discoverable materials makes logical sense, and Plaintiff's reasoning for obtaining records after 2023 falls short. Plaintiff contends that business records demonstrating uninterrupted Maryland activity will confirm that the activity on the filing date was ordinary. But that same inference may be gleaned from pre-2023 materials that relate to Defendant's 2023 activities. By seeking materials both backward- and forward-looking, relative to the filing date, Plaintiff's Request sweeps too broadly and is likely to yield discovery that is cumulative and prohibited by Rule 26(b)(2)(C). *See* Fed. R. Civ. P. 26(b)(2)(C) (noting that the court must limit discovery if it determines that the discovery sought "is unreasonably cumulative or duplicative").

As explained above, a temporal limitation spanning 2017 to 2023 recognizes both the importance of the legal issue at stake and the importance of the discovery in establishing whether Section 5-204 applies.[3] This adjusted temporal scope also acknowledges that the records sought in the Request are records to which Defendant has primary, if not sole access. While I understand Defendant's concerns regarding the volume of ESI and related costs that it has already incurred, the "information asymmetry" at work here means that Defendant must bear the greater burden of production. Fed. R. Civ. P. 26, Advisory Committee Notes 2015 Amendments. Finally, to the extent any responsive records may implicate confidentiality or privacy concerns of third parties, the Plaintiff and Defendant may address those issues through future meet-and-confers and, potentially, agreements regarding appropriate confidentiality designations in accordance with the parties' Stipulated Confidentiality Order, *see* ECF No. 90.

---

[3] While Plaintiff filed this lawsuit on August 10, 2023, Defendant does not oppose producing records through "calendar year 2023." ECF Nos. 104, 105 at 3. This Letter Order is consistent with that end date.

Despite the informal nature of this memorandum, it shall constitute an Order of the Court, and the Clerk is directed to docket it accordingly.

Sincerely,

*/s/*
Chelsea J. Crawford
United States Magistrate Judge